

Donna Sheen, WSB # 6-3547
Wyoming Children's Law Center, Inc.
453 No. 6th St.
Laramie, WY 82072
(307) 632-3614
wyoclc@wyoclc.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

C.H. (Student) by and through his parent, (A.H.) )
)
   Plaintiffs )
)
vs. ) Civil Number 17-CV-183-F
)
FREMONT COUNTY SCHOOL )
DISTRICT NO. 25 )
)
   Defendant. )
)

### COMPLAINT (REDACTED)

COME NOW THE PLAINTIFFS, by and through counsel, Donna Sheen, Wyoming Children's Law Center, Inc., and state and allege as follows for their complaint in the above entitled action:

### NATURE OF THE ACTION

1. Plaintiff, C.H., is a minor child, in the care and custody of the natural parent, A.H. and both are residents of Fremont County, Wyoming.
2. Defendant, Fremont County School District No. 25 (FCSD), is a school district organized and operating under the laws of the State of Wyoming.
3. C.H. is a student in FCSD.
4. C.H. is a child with disabilities who has received education services through an Individualized Education Plan pursuant to the Individuals with Disabilities Education Act (IDEA) since 2011.
5. On July 6, 2017, Plaintiffs filed with the Wyoming State Department of Education a Request for an Impartial Due Process Hearing pursuant to the Individuals with Disabilities Education Act, 20 U.S.C.§§ 1400 et seq. (IDEA).

6. The Request for an Impartial Due Process Hearing sought to require Defendant to overturn and erroneous manifestation determination and subsequent expulsion of the student C.H. for behaviors that were a manifestation of student's disabilities.
7. The Request for an Impartial Due Process Hearing stated the following proposed resolution in the matter:
   *Schedule a Due Process Hearing to resolve the factual dispute regarding whether the student's behaviors are a manifestation of his disability or have a direct and substantial relationship to his disability and therefore whether the school violate the IDEA by expelling the student. The parties have agreed to an alternative educational placement during the pendency of the complaint so the hearing does not need to be expedited.*
8. Defendant did not attempt resolution of the matter through mediation as permitted by IDEA.
9. A Hearing Officer was appointed, pre-hearing proceedings conducted, and a fair hearing held on September 11, 2017 through September 15, 2017.
10. On October 4, 2017, the Hearing Officer issued a Decision and Order in the matter, finding in favor of Plaintiffs and ordering Defendant as follows:
    **IT IS HEREBY ORDERED** *pursuant to CFR¶300.532(b)(2)(i) that the Student is returned to the placement from which the Student was removed for the reason that the Student's behavior was a manifestation of the Student's disabilities. Petitioner are the prevailing Party.*

## JURISDICTION

11. Subject matter jurisdiction is vested with the court pursuant to 20 U.S.C. §1415(i)(3), without regard to the amount in controversy.
12. Venue is proper in this Federal District Court pursuant to 28 U.S.C. §1391(b).
13. Plaintiffs are authorized to bring this action in this Court pursuant to 20 U.S.C. §1415(i)(3)(B).

## CLAIM FOR RELIEF
## 20 U.S.C.1415(i)(3)

14. Plaintiffs restate and incorporate herein by this reference the allegations contained in paragraphs 1 through 10 hereof.
15. Plaintiffs were prevailing party in the Due Process Hearing brought under IDEA and as such are entitled to file an action in Federal District Court for payment of costs and attorney's fees incurred therein.
16. As the prevailing party in the Due Process Hearing, Plaintiffs hereby request an award of reasonable attorney's fees and costs as provided by 20 U.S.C. §1415(i)(3)(B).
17. Plaintiffs request attorney fees for the period of June 2, 2017, until October 12, 2017, for legal services incurred in filing and litigating a second Due Process

Complaint, filed on July 6, 2017, for which Respondent was the prevailing party. The amount of the fees sought are $94,715 and costs of $5,215.50.

18. That Plaintiff is also defending the Defendant's Petition for Review, Civil Action No. 17-CV-172-F, for which Plaintiff seeks an award for attorney fees and cost that continue to accrue.

19. That Respondents also seeks an award of attorney fees for legal services incurred during the period of January 9, 2017 through June 2, 2017, for the initial Due Process Complaint, which was withdrawn after the parties mediated and reached an agreement to reconsider the manifestation determination outcome. Respondent seeks the award, notwithstanding the agreement because of the District's material breach of the agreement, requiring the filing of the second Due Process Complaint, on July 6, 2017.

20. That the Defendant's breached the agreement when they failed to properly "reconsider" the original Manifestation Determination as agreed or correct the material legal errors that occurred in the original manifestation determination by refusing to consider District staff's failure to implement the behavior support plan, or consider other material facts and the results of independent evaluators. The Hearing Officer's ruling and decision on the merits in the Due Process Hearing Decision and Order issued October 4, 2017 provides proof that the agreement was not fulfilled by Defendants, constituting a material breach of the agreement. Specifically, the Hearing Officer found (emphasis added):

> *The Student has a long history of difficulties – for almost as many years as the Student has been in school. <u>It is incredible that a conclusion could be reached by [the District] that this was not in some significant fashion tied to the Student's well documented cognitive capabilities.</u>* Page 36, paragraph 3

> *The <u>Positive Behavioral Support Plan was not, however, carried out with fidelity.</u>* Page 37, paragraph 1.

> *Curiously, apparently the assistance of [District's] most highly trained behavioral analyst was not enlisted to assist with addressing the Student's behavior until filing of [Student's] Complaint/Request for Due Process. That is especially distressing given the level of seriousness which [the District] assigned to the Student's behavior.* Page 37, paragraph 2.

> *The incident took very little time, perhaps a few minutes, maybe less. But there is no accounting for these educators' varying accounts of the incident.* Page 37, paragraph 3.

> *In this case, the IEEs of [redacted], and [redacted]. which were agreed to be brought into the chore of considering effective*

*interventions for addressing the Student's behavior, represent more than just an alternative perspective. [The District's] burden was to show that the Student's behavior on December 14th, 2016 was a manifestation of disability. Through the testimony and reports of [redacted] and [redacted], that burden was carried. Their informed perspectives were not effectively rebutted by [the District], and as a consequence I am persuaded that the Student was denied a free and appropriate public education (FAPE) by [the District]. More to the point, I find the Student's behavior on December 14, 2016 was a manifestation of the Student's disabilities. Apart from the possibility that previous assessments of the Student had overlooked appropriate qualifying disabilities, the behavioral support plan which [the District] prepared for the Student was not faithfully executed and critical staff were not adequately trained to implement and monitor its implementation to better insure effectiveness and prompt refinement.* Page 37, paragraph 4.

*The Student's behavior on December 14th occurred in a context. That context was documented beginning with the Student's kindergarten year. Valuable clues for interrupting the Student's unwanted behaviors and encouraging appropriate behaviors have been available. <u>A behavior plan which might have averted the unwanted behavior was not implemented with fidelity and, unfortunately, the Student's misbehavior was not interrupted effectively through [the District's] efforts</u>. Perhaps with the awareness born of this proceeding that will change. In any event, the Student's behavior on December 14, 2016 in Mr. [redacted]'s automotive class, for which the Student was expelled, is found to have been a manifestation of the Student's disability, and **<u>the manifestation determination reviews which have occurred since March 29, 2017 have been flawed by failing to reach that conclusion a more fully set forth above.</u>*** Page 38-39, paragraph 5.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:
21. Order that pursuant to 20 U.S.C. §1415(i)(3) Plaintiffs be awarded reasonable attorney fees totaling approximately $155,690.00, administrative costs of $80.00 and out-of-pocket costs of $5,215.50 that were incurred in advancing the IDEA

Due Process Hearing in which Plaintiffs prevailed, for total fees and costs sought in the amount of approximately $160,985.50.
22. Grant Plaintiff reasonable time to obtain and file an Attorney Affidavit, fee schedule, and statement of costs supporting the award that Plaintiff seeks;
23. Their reasonable attorney fees and costs incurred in this action; and
24. For such other and further relief as the Court may deem just and equitable.

Dated this 3rd day of November, 2017.

                                              C.H. and A.H., Plaintiffs

By: _____
Donna Sheen, WSB # 6-3547
Wyoming Children's Law Center, Inc.
453 No. 6th St.
Laramie, WY 82072
(307) 632-3614
wyoclc@wyoclc.org